IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JONATHAN BOBNAR, <br><br> Plaintiff, <br><br> v. <br><br> ASTRAZENECA PHARMACEUTICALS LP, <br><br> Defendant. | Case No. 1:22-cv-02258-PAB <br><br> Judge Pamela A. Barker |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca" or the "Company"), by and through its attorneys, submits this Memorandum of Law supporting its Motion to Dismiss Count III of Plaintiff Jonathan Bobnar's Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). In support of this Memorandum, AstraZeneca states:

**I. INTRODUCTION**

For nearly three years, the COVID-19 pandemic has threatened the health and safety of AstraZeneca's employees and its business operations. In January 2022, AstraZeneca implemented a COVID-19 vaccination mandate (the "Vaccination Mandate") for all U.S.-based staff employees in accordance with overwhelming public health guidance. The Vaccination Mandate included a robust process for employees to seek exemptions if their sincerely held religious beliefs prohibited vaccination. Under that process, any employee needing an exemption from the Vaccination Mandate because of a sincerely held religious belief could seek one by completing the Company's Religious Exemption Request Form. AstraZeneca reviewed requests for exemptions and engaged

in a subsequent interactive dialogue with each such employee to determine whether the request could be accommodated.

Plaintiff submitted a Religious Exemption Request Form that did not describe how his alleged religious beliefs prohibited him from being vaccinated. In a good-faith effort to evaluate his request, AstraZeneca asked Plaintiff to provide additional information about his beliefs. Ultimately, Plaintiff failed to provide information that actually demonstrated a conflict between his professed beliefs and the Vaccination Mandate. Thus, AstraZeneca denied Plaintiff's exemption request and gave him the option of either complying with the Vaccination Mandate or separating from the Company. Because Plaintiff subsequently refused to comply with the Vaccination Mandate, he had to separate from the Company.

Plaintiff then filed a six-count Complaint alleging that AstraZeneca has violated Ohio statutory and common law and various federal anti-discrimination statutes, including the Americans with Disabilities Act of 1990 (the "ADA") (Count III). *See* Docket 1. Although AstraZeneca will eventually prove that none of Plaintiff's claims have merit, Count III must be dismissed now under Rule 12(b)(6) because, even accepting all of Plaintiff's allegations as true, the Complaint does not state a claim under the ADA.

Plaintiff alleges that AstraZeneca violated the ADA by asking him to submit with his Religious Exemption Request Form "his past medical history respecting other vaccines and medications." (Compl. ¶ 77.) According to Plaintiff, AstraZeneca's inquiry constituted an unlawful medical examination and inquiry under the ADA. Not so. ADA jurisprudence confirms that questions about an employee's vaccination status and history do not constitute prohibited medical examinations under the ADA. This is true for two reasons. *First*, such questions are not inquiries about whether an individual has a disability. *Second*, given the serious health concern

2

COVID-19 has posed in the workplace, the questions contained in AstraZeneca's Religious Exemption Request Form were job-related and consistent with business necessity. For these reasons and those included below, Count III of Plaintiff's Complaint must be dismissed with prejudice.

II.   **ALLEGATIONS IN PLAINTIFF'S COMPLAINT AND PLAINTIFF'S UNDERLYING CHARGES**

For purposes of this motion only, AstraZeneca accepts as true all facts alleged in Plaintiff's Complaint as required by the legal standard governing Rule 12(b)(6) motions. Plaintiff alleges these facts:

**A. AstraZeneca Implements the Vaccination Mandate to Protect the Health and Safety of Its Employees.**

In August 2021, AstraZeneca announced that all U.S.-based employees would have to be vaccinated against COVID-19 by March 31, 2022. (Compl. ¶¶ 20, 25.) AstraZeneca also announced that it would make exceptions for employees who were unable to comply with the Vaccination Mandate due to qualified medical reasons or sincerely held religious beliefs. (Compl. ¶¶ 23, 25.) The Vaccination Mandate required all employees who sought religious accommodations to explain how their specific religious beliefs prevented them from becoming vaccinated. (Compl. ¶ 26.) Employees requesting an accommodation had to complete and submit a Religious Exemption Request Form by February 28, 2022. (Compl. ¶ 26), **Ex. 1**.[1] The Religious Exemption Request Form included this question: "Please explain how the religious belief that prevents you from receiving the COVID-19 vaccine affects other areas of your life. For example, have you received other vaccines in the past? If so, please explain how your religious belief prevents you from getting the COVID-19 vaccine but not other vaccines." **Ex. 1**.

---

[1] The Court may consider the Religious Exemption Request Form here because Plaintiff refers to it in the Complaint and it is central to Plaintiff's claims. *See infra* Section III.

### B. Plaintiff Submits a Request for an Exemption to the Vaccination Mandate but Fails to Adequately Support His Request.

On February 28, 2022, Plaintiff submitted a Religious Exemption Request Form requesting exemption from AstraZeneca's COVID-19 Vaccination Mandate. (Compl. ¶ 27.) In support of his request, Plaintiff stated that his Christian faith required him to follow the guidance of the Holy Spirit, and the Holy Spirit instructed him not to receive the COVID-19 vaccine. (Compl. ¶ 28.)

AstraZeneca asked Plaintiff to provide additional information about the beliefs that he alleged prevented him from becoming vaccinated. (Compl. ¶¶ 29-30.) For example, AstraZeneca asked Plaintiff:

> Your request mentions that you cannot get vaccinated because of your beliefs that your body is a temple and you are prohibited from putting harmful substances into your body. To help us understand your religious beliefs better, can you confirm whether, for the period while you have held these religious beliefs, you have smoked cigarettes, consumed alcohol, received any tattoos or used any legal recreational drugs? If yes, please describe why these activities do not violate your religious belief that your body should not be subjected to anything that may harm it.

**Ex. 2**. After reviewing all of the information Plaintiff submitted, AstraZeneca denied Plaintiff's request for a religious exemption from the Vaccination Mandate on March 31, 2022, because he did not demonstrate that he qualified for an accommodation. (Compl. ¶ 35.) Because Plaintiff was not granted an exemption and failed to comply with the Vaccination Mandate, Plaintiff was separated from the Company on April 29, 2022. (Compl. ¶ 41.)

### III. LEGAL STANDARD

A Rule 12(b)(6) motion seeks the dismissal of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive dismissal under Rule 12(b)(6), a complaint must first comply with Rule 8(a) by providing "a short and plain statement" that

4

establishes the grounds for the court's jurisdiction and shows that "the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The complaint must also "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Legal conclusions and conclusory allegations merely reciting the elements of the claim, however, are not entitled to the presumption of truth. *See, e.g.*, *Sharqawi v. Kirby Co.*, No. 1:20CV00271, 2022 WL 1227327, at *3 (N.D. Ohio Apr. 26, 2022).

Additionally, when reviewing a motion to dismiss under Rule 12(b)(6), "a court may consider exhibits attached to the defendant's motion to dismiss if they are referenced in the complaint and are central to the claims contained therein." *In re Porsche Cars N. Am., Inc.*, 880 F. Supp. 2d 801, 816 (S.D. Ohio 2012) (citing *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)); *see also Nixon v. Wilmington Tr. Co.*, 543 F.3d 354, 357 (6th Cir. 2008) ("A court may consider a document not formally incorporated by reference in a complaint when the complaint refers to the document and the document is central to the claims.").

IV. **PLAINTIFF HAS NOT PLEADED A VIOLATION OF THE ADA**

   A. **Plaintiff Fails to State a Claim in Count III Because He Was Not Subjected to Unlawful Medical Exams or Inquiries.**

Plaintiff's claim that AstraZeneca violated the ADA by asking him about his COVID-19 vaccination status and vaccination history fails as a matter of law.[2] The ADA prohibits employers from requiring employees to undergo medical examinations or inquiring whether an employee has

---

[2] The Complaint mischaracterizes the Religious Exemption Request Form as a request for information about "[Plaintiff's] past medical history." (Compl. ¶ 77.) As the document itself shows, while the Request Form asked Plaintiff whether he has approached other vaccinations similarly, AstraZeneca did not ask Plaintiff about his medical history. *Nolan v. Detroit Edison Co.*, 991 F.3d 697, 707 (6th Cir. 2021) (explaining that a plaintiff cannot survive a motion to dismiss if a written instrument plainly contradicts the pleadings) (citing cases).

5

a disability or about the nature or severity of an employee's disability "unless such examination or inquiry is shown to be job-related and consistent with business necessity." 42 U.S.C. § 12112(d)(4)(A). Because the ADA protects against disability discrimination specifically, however, "[t]he provision does not prohibit all medical inquiries, but only those as to whether such employee is an individual with a disability or as to the nature or severity of the disability." *Chancey v. BASF Corp.*, No. 3:22-CV-34, 2022 WL 18438375, at *4 (S.D. Tex. Dec. 29, 2022) (citing *Conroy v. N.Y. State Dep't of Corr. Servs.*, 333 F.3d 88, 94 (2d Cir. 2003)).

The Sixth Circuit and courts in this District have explained that "what constitutes a 'medical examination' or 'disability inquiry' under 42 U.S.C. § 12112(d)(4) sometimes 'presents a close question because the ADA leaves these terms undefined.'" *Dundee v. Univ. Hosps. Corp.*, No. 1:19CV01141, 2020 WL 5997149, at *10 (N.D. Ohio June 26, 2020) (citing *Bates v. Dura Auto. Sys., Inc.*, 767 F.3d 566, 573 (6th Cir. 2014)). Thus, "[p]resented with this ambiguity, courts look to the EEOC's enforcement guidance, which defines 'medical examination' and 'disability-related inquiry' and offers examples." *Id.* (citing *E.E.O.C. v. SunDance Rehab. Corp.*, 466 F.3d 490, 500 (6th Cir. 2006)). The Equal Employment Opportunity Commission ("EEOC") has defined "disability-related" questions as those "likely to elicit information about a disability." Enforcement Guidance: Disability-related Inquiries and Medical Examinations of Employees Under the Americans with Disabilities Act (ADA), 2000 WL 33407181, at *3. And, pointedly, the EEOC has specifically stated that questions about an employee's vaccination status are not disability inquiries:

> "When an employer asks employees whether they obtained a COVID-19 vaccination, **the employer is not asking the employee a question that is likely to disclose the existence of a disability**; there are many reasons an employee may not show documentation or other confirmation of vaccination besides having a disability. Therefore, **requesting documentation or other**

6

**confirmation of vaccination is not a disability-related inquiry under the ADA**, and the ADA's rules about making such inquiries do not apply."

What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws at K.9., https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws#K (emphasis added); *see also id.* at K.1. ("[T]he EEO laws do not prevent employers from requiring documentation or other confirmation that employees are up to date on their vaccinations.").

This instruction is fatal to Plaintiff's ADA claim. AstraZeneca's Religious Exemption Request Form simply asked Plaintiff whether he was vaccinated against COVID-19 and whether he had received other vaccines in the past. Under the EEOC's clear guidance, asking someone whether he has received the COVID-19 vaccine or other vaccines is not akin to asking whether that person has a disability, and it is neither a disability-related inquiry nor a medical examination within the meaning of the ADA. Courts have expressly confirmed this. *See Chancey*, 2022 WL 18438375, at *4. In *Chancey*, the litigants asked the court to determine whether the employer's request that an employee verify whether he had received a COVID-19 vaccine violated the ADA's prohibition against unlawful medical exams and inquiries about an individual's disability. *Id*. at 3-4. The Court held that the EEOC permits such questions and dismissed the plaintiff's Section 12112(d)(4) ADA claim. The same result is required here. Plaintiff has altogether failed to allege that AstraZeneca required him to undergo a medical examination or made a disability-related inquiry of him in violation of the ADA. Count III of his Complaint must be dismissed.

### B. Plaintiff Fails to State a Claim in Count III Because the Alleged Questions Were Job-Related and Consistent with Business Necessity.

Even if AstraZeneca's Religious Exemption Request Form *had* contained a disability-related inquiry, which it did not, Plaintiff's ADA claim would still fail because the questions on the Company's form were job-related and consistent with business necessity. *See*

7

42 U.S.C. § 12112 (d)(4)(a) (permitting an employer to pose questions even if they are related to a disability if the inquiry is job-related and consistent with business necessity). Here, AstraZeneca designed and implemented the Vaccination Mandate to mitigate the serious and lethal safety and health risks that COVID-19 presented to its employees and business operations and meet its obligations under the ADA and Title VII to engage in a robust interactive dialogue with employees who requested exemptions from the Vaccination Mandate. Courts and the EEOC alike recognize that employers may ask questions that are necessary to evaluate whether the employer has a duty to accommodate the employee. *See United States v. Seeger*, 380 U.S. 163, 185 (1965) ("[W]hile the 'truth' of a belief is not open to question, there remains the significant question whether it is 'truly held.' This is the threshold question of sincerity which must be resolved in every case."); EEOC Compliance Manual § 12–I.A.3.

This Court's decision in *Somos v. Classic MS, LLC* is consistent with the EEOC's guidance. No. 22 CV 1081, 2022 WL 4483917, at *1 (N.D. Ohio Sept. 27, 2022). In *Somos*, the court granted the motion to dismiss the underlying ADA and Title VII religious accommodation claims because the employee refused to fill out a follow-up accommodation exemption form that asked for a variety of information, including "information concerning [the plaintiff's] medical history, including previous vaccinations and pharmaceutical drug use." *Id*. Thus, it is clear that AstraZeneca's questions about Plaintiff's vaccination history were job-related and consistent with business necessity because AstraZeneca needed information about Plaintiff's vaccination history to evaluate Plaintiff's eligibility for an accommodation and protect its business and employees from unnecessary COVID-19 illness. *Miller v. Whirlpool Corp.*, 807 F. Supp. 2d 684, 687 (N.D. Ohio 2011); *see also Denman v Davey Tree Expert Co.*, 266 F. App'x 377, 379 (6th Cir. 2007) (explaining that employer's request for medical examination is job-related and consistent with

business necessity when "the employee poses a direct threat to himself or others") (citations omitted). Because AstraZeneca's inquiry into Plaintiff's vaccination status and history was job-related and consistent with business necessity, Plaintiff's claim under Section 12112 (d)(4)(a) should be dismissed.

## V. CONCLUSION

For all these reasons, Defendant respectfully asks this Court to grant this motion and dismiss Count III with prejudice.

| | |
|---|---|
| Dated: February 24, 2023 | Respectfully submitted,<br><br>MORGAN, LEWIS & BOCKIUS LLP<br><br>/s/ *Andrew J. Barber*<br><br>Andrew J. Barber (Ohio Bar No. 0091160)<br>One Oxford Centre, Thirty-Second Floor<br>Pittsburgh, PA 15219<br>(412) 560-3300<br>andrew.barber@morganlewis.com<br><br>Emily DeSmedt (*pro hac vice* forthcoming)<br>502 Carnegie Center<br>Princeton, NJ 08540<br>(609) 919-6673<br>emily.desmedt@morganlewis.com<br><br>Eric L. Mackie (*pro hac vice* forthcoming)<br>110 North Wacker Drive, Suite 2800<br>Chicago, IL 60606<br>(312) 324-1779<br>eric.mackie@morganlewis.com<br><br>*Counsel for Defendant AstraZeneca Pharmaceuticals LP* |

## LOCAL RULE 7.1(f) CERTIFICATION

I, Andrew, J. Barber, an attorney, certify that the forgoing adheres to the page limitations set forth in Rule 7.1(f) of the Local Rules of the United States District Court for the Northern District of Ohio.

## CERTIFICATE OF SERVICE

I, Andrew J. Barber, an attorney, certify that on February 24, 2023 I caused a copy of the foregoing to be filed with the Clerk of the Court using the Court's CM/ECF electronic filing system, which will provide electronic notice to all counsel of record.

*/s/ Andrew J. Barber*