# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **JONATHAN BOBNAR,** | **CASE NO. 1:22-cv-02258-PAB** |
| **Plaintiff,** | |
| v. | |
| | **JUDGE PAMELA A. BARKER** |
| **ASTRAZENECA PHARMACEUTICALS LP,** | |
| **Defendant.** | |

### PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' PARTIAL MOTION TO DISMISS

Now comes Plaintiff, Jonathan Bobnar ("Plaintiff" or "Bobnar"), by and through his undersigned counsel, and submits the following Brief in Opposition to the Partial Motion to Dismiss filed by Defendant, AstraZeneca Pharmaceuticals, LP ("AstraZeneca" or "Defendant"), pursuant to Fed. R. Civ. P. 12(B)(6) for failure to state a claim upon which relief can be granted ("Motion").

As more fully explained in this Memorandum, Defendant has failed to meet the standards necessary to prevail on the Motion to Dismiss and their Motion should be denied.

Dated: March 10, 2023

                                            Respectfully submitted,

                                            /s/ Christopher A. Holecek
                                            Christopher A. Holecek (0040840)
                                            WEGMAN HESSLER
                                            6055 Rockside Woods Boulevard, Suite 200
                                            Cleveland, Ohio 44131
                                            Telephone: (216) 642-3342
                                            Facsimile: (216) 642-8826
                                            E-Mail: caholecek@wegmanlaw.com

                                            *Attorney for Plaintiff, Jonathan Bobnar*

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was filed electronically with the Court on March 10, 2023. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                                            /s/ Christopher A. Holecek
                                            Christopher A. Holecek (0040840)

## BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNT III

### I. INTRODUCTION

Plaintiff Jonathan Bobnar ("Bobnar" or "Plaintiff") was denied a religious exemption and was subsequently terminated from his job with Defendant AstraZeneca Pharmaceuticals, LP ("AstraZeneca" or "Defendant") when he refused to get the COVID-19 vaccine. After obtaining his right to sue notice from the EEOC he filed this cause of action, alleging violations Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended. 42 USC § 2000e, et seq., the Family Medical Leave Act ("FMLA"), 29 USC § 2601, et seq., and the Ohio Civil Rights Statute, Chapter 4112 of the Ohio Revised Code, and for breach of contract and failure to pay wages in violation of R.C. § 4113.15.

This Court must consider Plaintiff's allegations as true with all reasonable inferences in favor of Plaintiff to Defendant's Partial Motion to Dismiss. Fed. R. Civ P. 12(b)(6). Plaintiff's Complaint complies with the liberal pleading requirements of the Federal Rules of Civil Procedure and sets forth actionable claims against AstraZeneca and therefore Defendants' Motion should be denied.

### II. FACTUAL BACKGROUND

Plaintiff Jonathan Bobnar was employed with Defendant AstraZeneca as a Field Sales Representative. (*See* Compl., ECF No. 1 at ¶ 17). Bobnar had been employed with AstraZeneca for eight years prior to his termination on April 29, 2022. (*Id.* ¶ 16). At all times relevant, Bobnar was and is a devout Christian. (*Id.* ¶ 14). Consistent with his religious beliefs and biblical teachings, Plaintiff sincerely believes that receiving a COVID-19 vaccine, derived from aborted fetal stem cell lines would violate his conscience and religious faith and the desire to maintain his body as a temple for the Holy Spirit. (*Id.* ¶ 15). Plaintiff worked both remotely from his home and

1

in-person when visiting customers. (*Id.* ¶ 18). During the pandemic, Plaintiff abided by all social distancing requirements and the mandates imposed by AstraZeneca and the state and local governments. *Id.*

Around August 2021, Defendant announced it would require all employees to disclose their COVID-19 vaccination status. (*Id.* ¶ 20). The company required that unvaccinated employees explain their reasons for declining vaccination, submit to weekly testing and wear masks at work. *Id.* Around January 31, 2022, AstraZeneca imposed a COVID-19 vaccine mandate for its U.S. based employees, subject to religious or medical exemptions, provided those requests were received by February 28, 2022. *Id.* Defendant's vaccine policy stated: "[f]or employees who are not vaccinated and who are granted an exemption to the vaccine requirement for qualifying reasons, the primary accommodation will remain weekly COVID-19 PCR testing. This is required for those entering any AstraZeneca US site or operating in any field-based role." (*Id.* ¶ 24). Under the policy, employees had to be vaccinated by March 31, 2022, unless an exemption was granted. (*Id.* ¶ 25).

On February 28, 2022, Plaintiff submitted a request for religious accommodation using the company's request form and asking to be exempt from its mandatory vaccination policy due to a conflict with his sincerely held religious beliefs. (*Id.* ¶ 27). AstraZeneca questioned the sincerity of Plaintiff's religious beliefs without an objective or legitimate basis to do so and required him to respond to further intrusive and inappropriate questions before considering his request for religious accommodation. (*Id.* ¶ 29). Specifically, AstraZeneca asked "Please explain how the religious belief that prevents you from receiving the COVID-19 vaccine affects other areas of your life. For example, he was asked: have you received other vaccines in the past?" *See* **Exhibit 1**. Defendant relied on a formulaic template to ask general or standardized questions of each employee seeking

2

a religious accommodation from its vaccination mandate, regardless of the individual bases for those requests, contrary to EEOC guidance. (*Id.* ¶ 32).

On March 31. 2022, Defendant denied Plaintiff's request for a religious exemption from the company's COVID-19 vaccine mandate, stating only that Plaintiff was "not qualified for a reasonable accommodation," and suggesting "undue hardship can include, but it's not limited to, business disruption/increased costs resulting from illness-related absences," contrary to its very own policy statement indicating exempted employees would be accommodated by weekly COVID-19 PCR testing. (*Id.* ¶ 35). Plaintiff was advised his employment would be formally terminated on April 22, 2022. *Id.*

### III. LAW AND ANALYSIS

#### a. Standard of Review

Defendant argues, erroneously, that Plaintiff's ADA claim should be dismissed for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6). The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief if all the facts and allegations in the complaint are taken as true." Rippy ex rel. *Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001) (citing *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)). Under Rule 12(b)(6), the complaint is viewed in the light most favorable to the plaintiffs, the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in favor of the plaintiffs. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

"The measure of a Rule 12(b)(6) challenge – whether the Complaint raises a right to relief above the speculative level – 'does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face'." See *Shoemake v. Mansfield City Sch. Dist. Bd. of Educ.*, 61 F. Supp. 3d 704, 720 (N.D. Ohio 2014) quoting *Bassett*, 528 F.3d

3

at 430 (6th Cir. 2008). Simply, a plaintiff must plead enough facts to state a claim for relief that is plausible on its fact. Id., quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Under this standard, examination of a complaint must take into consideration the principles set forth in Civil Rule 8(a)(2) which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. *Shoemake*, 61 F. Supp.3d at 720, citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) "[A]s long as a court can 'draw the reasonable inference that the defendant is liable for the misconduct alleged,' a plaintiff's claims must survive a motion to dismiss'." *Mike Vaughn Custom Sports, Inc. v. Piku*, 15 F. Supp. 3d 735, 744 (E.D. Mich. 2014) quoting *Favian v. Fulmer Helmets Inc.*, 628 F.3d 278, 281 (6th Cir. 2010) quoting *Iqbal*, 556 U.S. at 678.

## IV. THE COMPLAINT PROPERLY STATES A CAUSE OF ACTION

### a. AstraZeneca's Inquiries are Considered Prohibited Under the ADA

AstraZeneca seeks a dismissal of Plaintiff's Count Three ADA claim. The ADA prohibits, among other things, certain medical inquiries and examinations. *Hustvet v. Allina Health System*, 283 F.Supp.3d 734 (D.C. Minn. 2017). Section 12112(d)(4) explicitly prohibits an employer from "requir[ing] a medical examination … [or] mak[ing] inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability unless such examination or inquiry is shown to be job-related and consistent with business necessity. *See* 42 U.S.C. § 12112(d)(4)(A). The challenged medical examination or inquiry must "genuinely

4

serve [ ] the asserted business necessity and [must be] no broader or more intrusive than necessary to further it." *Conroy v. New York State Dept. of Correctional Services*, 333 F.3d 88 (2nd Cir. 2003). An employer's request for a medical examination is job-related and consistent with business necessity when: (1) the employee requests an accommodation; (2) the employee's ability to perform the essential functions of the job is impaired; or (3) the employee poses a direct threat to himself or others. See *Kennedy v. Superior Printing Co.*, 215 F.3d 650, 656 (6th Cir. 2000) ("The ADA 'permits employers… to make inquiries or require medical examinations necessary to the reasonable accommodation process…" (quoting 29 C.F.R. § 1630.2(r))). For the following reasons, AstraZeneca made improper medical inquiries into Plaintiff's medical background and these inquiries cannot be considered job-related and consistent with business necessity.

### i. Plaintiff Did Not Request an Accommodation Under the ADA

Plaintiff requested a religious accommodation, which is available to employees under Title VII, not under the ADA. Nevertheless, AstraZeneca wrongfully treated Plaintiff's request for a religious accommodation as a request for a reasonable accommodation under the ADA, which resulted in AstraZeneca's prohibited medical inquiries. Under the ADA, when an individual requests an accommodation, the employee must let the employer know that s/he needs an adjustment or change at work for a reason related to a medical condition. EEOC, *Enforcement Guidance: Reasonable Accommodation and Undue Hardship Under the Americans with Disabilities Act*. A request for reasonable accommodation is the first step in an informal, interactive process between the individual and the employer. *Id*. In some instances, before addressing the merits of the accommodation request, the employer needs to determine if the individual's medical condition meets the ADA definition of "disability," a prerequisite for the individual to be entitled to a reasonable accommodation. *Id*. Under the ADA, an employer may

5

require documentation or information to establish that a person has an ADA disability and that the disability necessitates a reasonable accommodation. *Id*. Under the ADA, it is permissible for an employer to ask an employee additional questions, which would include disability-related inquires, in order to understand their request and need for a reasonable accommodation.

But Plaintiff did not request a reasonable accommodation under the ADA. Therefore, AstraZeneca engaged in improper medical inquiries when it questioned Plaintiff about his prior vaccine history.  The interpretative guidelines to the ADA explain that the statute was intended to prevent against "medical tests and inquiries that do not serve a legitimate business purpose." *E.E.O.C. v. Prevo's Family Market, Inc.*, 135 F.3d 1089, 1094 (6th Cir. 1998) quoting 29 C.F.R. § 1630.13(b).  Inquiries are job-related and serve a legitimate business purpose "if an employee requests an accommodation." on account of  a disability *Id.* at 1103. The medical inquiry by AstraZeneca was improper because Plaintiff never requested an accommodation under the ADA, and therefore the inquiry into his medical background could not have possibly served a legitimate business purpose nor can it be considered to be job related or consistent with business needs.

### ii. Plaintiff's Ability to Perform the Essential Functions of His Job was not Impaired

There is no dispute Plaintiff' was able to perform the essential functions of his job. For an employer's request for an exam to be upheld, there must be significant evidence that could cause a reasonable person to inquire as to whether an employee is still capable of performing his job. *Sullivan v. River Valley School Dist*., 197 F.3d 804, 811 (6th Cir. 1999).  Moreover, "any examination ordered by the employer must be restricted to discovering whether the employee can continue to fulfill the essential functions of the job." *Id*. at 812. Since these facts are not present, AstraZeneca's inquiry cannot be justified under this prong.

6

### iii. Plaintiff Did not Pose a Direct Threat to Himself or Others

Nor did Plaintiff pose a direct threat to himself or others because he is not considered 'disabled' under the ADA. The statute allows employers to require as a qualification of employment that the **disabled individual** does not pose a "direct threat to the health or safety of other individuals in the workplace." 42 U.S.C. § 12113(b). (Emphasis added). Under the ADA, an individual is disabled where there exists a physical or mental impairment that substantially limits a major life activity. EEOC *The ADA: Your Employment Rights as an Individual With a Disability.* https://www.eeoc.gov/publications/ada-your-employment-rights-individual-disability. Because Plaintiff was not disabled, he could not have posed a direct threat to himself nor others. Therefore, AstraZeneca's inquiry cannot be justified under this prong.

### b. AstraZeneca's Questions were in fact Unlawful Medical Inquiries

In its Motion to Dismiss, Defendant argues, erroneously, that its inquiry did not violate the ADA because the inquiry is not considered a "prohibited disability related inquiry." Defendant relies on the published EEOC guidance, EEOC *What You Should Know about COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws* https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws, however, Defendant omits key language from the guidance in which it cites. Specifically, § K.9. states "Does the ADA prevent an employer from inquiring about or requesting documentation or other confirmation that an employee obtained a COVID-19 vaccination?" (Emphasis added). In its Motion, Defendant states "And, pointedly, the EEOC has specifically stated that questions about an employee's vaccination status are not disability inquiries." Notably, Defendant incorrectly asserts, based on this guidance, that employers are permitted to ask employees about *any* vaccination they had

7

previously received. However, it is clear from the title of Section K "COVID-19 Vaccinations: EEO Overview" that the EEOC is only addressing COVID-19 vaccinations in this guidance.

Furthermore, Defendant quotes language from K.9. regarding the EEOC's position that when an employer asks employees whether they obtained a COVID-19 vaccination, the employer is not asking the employee a question that is likely to disclose the existence of a disability. Plaintiff acknowledges that questioning an employee about a **COVID-19 vaccine** is not considered a disability related inquiry. However, AstraZeneca, in an attempt to understand Plaintiff's religious exemption request, improperly questioned Plaintiff regarding prior vaccinations, specifically, what vaccines he had used in the past.

Contrary to Defendant's assertion, the EEOC guidance does not address any vaccine other than the COVID-19 vaccine, nor does the guidance suggest that employers may ask employees about other vaccines or medications. Defendant does not cite, and Plaintiff is not aware of, any case law, statute, or EEOC guidance that gives an employer unfettered discretion to question employees on prior use of medications or their immunization history with respect to vaccines that are not the COVID-19 vaccine. In fact, these inquiries are a prime example of the disability related inquiries in which the ADA sought to limit.

Defendant made a prohibited disability related inquiry. A disability related inquiry may include… asking an employee whether s/he currently is taking any prescription drugs or medications or whether s/he has taken any such drugs or medications in the past. EEOC, *Enforcement Guidance: Disability-Related Inquires and Medical Examinations of Employees Under the Americans With Disabilities Act (ADA).* https://www.eeoc.gov/laws/guidance/enforcement-guidance-disability-related-inquiries-and-medical-examinations-employees. The Food and Drug Administration considers vaccines to be

8

drugs. "It is important to note that a vaccine is a drug. Like any drug, vaccines have benefits and risks…" https://www.fda.gov/vaccines-blood-biologics/development-approval-process-cber/vaccine-development-101 Because vaccines are considered drugs, asking about an employee's vaccination status, without the employee requesting an accommodation under the ADA or for reasons that do not serve a legitimate business purpose, this questioning is considered a prohibited disability related inquiry under the ADA, which violates the ADA.[1]

### V. ASTRAZENECA'S QUESTIONS WERE NOT JOB-RELATED AND CONSISTENT WITH BUSINESS NECESSITY

AstraZeneca's inquiries were not job related, nor consistent with business necessity. Generally, a disability-related inquiry or medical examination of an employee may be "job-related and consistent with business necessity" when an employer "has a reasonable belief, based on objective evidence, that: (1) an employee's ability to perform essential functions will be impaired by a medical condition; or (2) an employee will pose a direct threat due to a medical condition. EEOC, *Enforcement Guidance: Disability-Related Inquiries and Medical Examinations of Employees Under the Americans With Disabilities Act (ADA)*. https://www.eeoc.gov/laws/guidance/enforcement-guidance-disability-related-inquiries-and-medical-examinations-employees. Employers are permitted to make medical inquiries or require medical examinations "when there is a need to determine whether an employee is still able to perform the essential functions of her job" – not when there is a "compelling" need, an "immediate" need, or a need which is of "great importance" to the employer. *Riechmann v. Cutler-Hammer, Inc.*, 183 F.Supp.2d 1292 (D. Kansas 2001).

---

[1] Plaintiff specifically requested a religious accommodation. The analysis for a religious accommodation differs from a reasonable accommodation under the ADA in that EEOC guidance and case law establish that "the sincerity of an employee's religious belief is usually not in dispute and is generally presumed or easily established. If an employer has an objective basis for questing the sincerity of a particular belief, the employer would then be justified in seeking additional supporting information." EEOC *Section 12: Religious Discrimination*. It is important to note that nowhere in this guidance does the EEOC state an employer may ask about an employee's medical history in order to substantiate the employees sincerely held religious belief.

Defendant claims that the questions on the Company's form were job-related and consistent with business necessity, however, in accordance with case law and EEOC guidance, an employer may make such inquiries, *when an employer has a reasonable belief based on objective evidence*, that an employee's ability to perform the essential functions will be impaired by *a medical condition,* or the employee will pose a direct threat due to *a medical condition*. Under the ADA, you have a disability if you have a physical or mental impairment that substantially limits a major life activity. EEOC, *The ADA: Your Employment Rights as an Individual With a Disability.* https://www.eeoc.gov/laws/guidance/your-employment-rights-individual-disability (Emphasis added). To be protected under the ADA, you must have, have a record of, or be regarded as having a substantial, as opposed to a minor, impairment. *Id.* A substantial impairment is one that significantly limits or restricts a major life activity such as hearing, seeing, speaking, walking, breathing, performing manual tasks, caring for oneself, learning or working. *Id.*

Defendant's questions could not have possibly been job-related and consistent with business necessity because Plaintiff did not have a medical condition which would justify this inquiry. There is no other basis that would allow Defendant to ask its employees these questions. Therefore, Plaintiff properly states a cause of action under the ADA for the improper medical inquiries made by Defendant.

10

## VI. CONCLUSION

For the foregoing reasons, Plaintiff has met its relatively slight burden of demonstrating that the Complaint properly states an ADA claim and this Court should therefore deny Defendant's Motion to Dismiss.

                                            Respectfully submitted,

                                            /s/ Christopher A. Holecek
                                            Christopher A. Holecek (0040840)
                                            WEGMAN HESSLER
                                            6055 Rockside Woods Boulevard, Suite 200
                                            Cleveland, Ohio 44131
                                            Telephone: (216) 642-3342
                                            Facsimile: (216) 642-8826
                                            E-Mail: caholecek@wegmanlaw.com

                                            *Attorney for Plaintiff, Jonathan Bobnar*