## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JONATHAN BOBNAR, | |
| Plaintiff, | |
| | Case No. 1:22-cv-02258-PAB |
| v. | Judge Pamela A. Barker |
| ASTRAZENECA PHARMACEUTICALS LP, | |
| Defendant. | |

### DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS
### MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S COMPLAINT
### PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca"), by and through its attorneys, submits this reply brief in further support of its motion to dismiss (the "Motion to Dismiss") Count III of Plaintiff Jonathan Bobnar's complaint (the "Complaint").

### I.      INTRODUCTION

Plaintiff's opposition (the "Opposition") to AstraZeneca's Motion to Dismiss confirms that he has failed to state a claim upon which relief can be granted under the Americans with Disabilities Act of 1990 (the "ADA").  AstraZeneca asked Plaintiff a simple question: "Please explain how the religious belief that prevents you from receiving the COVID-19 vaccine affects other areas of your life.  For example, have you received other vaccines in the past?  If so, please explain how your religious belief prevents you from getting the COVID-19 vaccine, but not other vaccines."  That question is neither an unlawful medical examination nor an unlawful disability-related inquiry.  Accordingly, it cannot support an ADA claim.

1

In his Opposition, Plaintiff seems to suggest that the ADA prohibits *any* medical-related inquiry that is not job-related and consistent with business necessity.  That is not true.  The ADA only prohibits medical *examinations*, which are specifically defined in U.S. Equal Employment Opportunity Commission ("EEOC") regulations, and inquiries that are designed to elicit information about an employee's disability (*i.e.*, "disability-related inquiries").  Both the EEOC and the courts have repeatedly confirmed that questions about an employee's vaccination status and history are neither medical examinations nor disability-related inquiries under the ADA.  Therefore, the ADA does not prohibit them, and the Court need not even consider whether they were job-related and consistent with business necessity.

Nonetheless, even if AstraZeneca's single question about Plaintiff's prior vaccinations was a disability-related inquiry, Plaintiff's ADA claim still fails because that question, which AstraZeneca asked as part of its interactive process, was, in fact, job-related and consistent with business necessity.  Plaintiff provides zero support to the contrary in his Opposition.  Because Plaintiff's Complaint does not contain allegations sufficient to support a claim under the ADA, the Court should grant Defendant's Motion and dismiss Count III of Plaintiff's Complaint.

II.     **ARGUMENT**

    **A. Plaintiff Has Failed to Allege He Was Subjected to Unlawful Medical Exams or Inquiries About a Disability.**

Plaintiff's ADA claim fails because he has not alleged anywhere in his Complaint that AstraZeneca required him to undergo a medical examination or asked him questions about whether he has a disability.  In his Opposition, Plaintiff seems to suggest that the ADA prohibits *any* inquiry that refers in any way to medicine or vaccination, unless the inquiry is job-related and consistent with business necessity.  It does not.  The ADA prohibits two specific types of inquiries.  It prohibits employers from (1) requiring employees to undergo medical examinations or (2)

inquiring whether an employee has a disability or about the nature or severity of an employee's disability, "unless such examination or inquiry is shown to be job-related and consistent with business necessity." 42 U.S.C. § 12112(d)(4)(A); *see also* 29 C.F.R. § 1630.13-14.  AstraZeneca's question about whether Plaintiff's religious beliefs prevented him from receiving any other vaccines was neither a medical examination nor an inquiry about whether he has a disability. Accordingly, Plaintiff fails to state a claim under the ADA.

> **1.  AstraZeneca's Question About Plaintiff's Past Vaccinations Was Not a Medical Examination.**

Plaintiff has not even attempted to show that AstraZeneca subjected him to a medical examination.  Nor could he.  The relevant EEOC guidance defines a "medical examination" as "a procedure or test that seeks information about an individual's physical or mental impairments or health," and identifies several factors bearing on this determination: (1) whether the test is administered by a health care professional; (2) whether the test is interpreted by a health care professional; (3) whether the test is designed to reveal an impairment of physical or mental health; (4) whether the test is invasive; (5) whether the test measures an employee's performance of a task or measures; (6) whether the test normally is given in a medical setting; and (7) whether medical equipment is used.  *See Bates v. Dura Automotive Systems, Inc.*, 767 F.3d 566, 574-75 (6th Cir. 2014) (citing EEOC*, Enforcement Guidance: Disability-Related Inquiries and Medical Examinations of Employees Under the Americans with Disabilities Act (ADA)* Part B.2 (July 27, 2000), *available at* http://www.eeoc.gov/policy/docs/guidance-inquiries.html).  The third factor is the most critical: the "uncovering of [health] defects at an employer's direction is the precise harm that § 12112(d)(4)(A) is designed to prevent."  *Id.* at 576 (citing *Kroll v. White Lake Ambulance Auth.,* 691 F.3d 809, 815 (6th Cir. 2012)).

AstraZeneca's simple question about whether Plaintiff's religious beliefs have prevented

him from receiving other vaccines does not satisfy any of the seven factors. The question was not a test that was administered or interpreted by a health care professional, given in a medical setting, or designed to measure Plaintiff's performance of a task or measures. It did not require the use of medical equipment and was not invasive or designed to reveal Plaintiff's impairments or physical or mental health. Plaintiff was able to respond to AstraZeneca's question about whether his *religious beliefs* have ever prevented him from receiving other vaccines without sharing any information about his physical or mental health whatsoever. The question was not a medical examination under the ADA. *See, e.g., Passarella v. Aspirus, Inc.*, No. 22-CV-287-JDP, 2023 WL 2455681, at *7 (W.D. Wis. Mar. 10, 2023) ("The challenge to the vaccine requirement fails to state a claim because a medical examination is a procedure or test that seeks information about an individual's physical or mental impairments or health. [Defendant's] vaccine mandate does not seek information about plaintiffs' health, so it cannot violate subsection 12112(d).") (internal quotation marks omitted).

### 2. AstraZeneca's Question About Plaintiff's Past Vaccinations Was Not a Disability-Related Inquiry.

Nor was AstraZeneca's question a disability-related inquiry. The ADA "does not prohibit all medical inquiries, but only those as to whether such employee is an individual with a disability or as to the nature or severity of the disability." *Chancey v. BASF Corp.*, No. 3:22-CV-34, 2022 WL 18438375, at *4 (S.D. Tex. Dec. 29, 2022) (citing *Conroy v. N.Y. State Dep't of Corr. Servs.*, 333 F.3d 88, 94 (2d Cir. 2003)) (internal quotation marks omitted). The EEOC has defined such "disability-related" inquiries as those "likely to elicit information about a disability." *See* EEOC, *Enforcement Guidance: Disability-Related Inquiries and Medical Examinations of Employees Under the Americans with Disabilities Act (ADA)* Part B.1 (July 27, 2000), *available at* https://www.eeoc.gov/laws/guidance/enforcement-guidance-disability-related-inquiries-and-

4

medical-examinations-employees.

The EEOC has made clear that asking an individual if they have received a vaccine is not a question that is designed to elicit information about a disability, so "the ADA's rules about making such inquiries do not apply." *See* EEOC, *What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws* Part K.9 (July 12, 2022), *available at* https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws#K.  In his Opposition, Plaintiff argues, without support, that this guidance from the EEOC is limited to questions about *COVID-19* vaccines, and not any other vaccines. Plaintiff's argument ignores the principle underlying the EEOC's guidance and all of the cases in which courts have interpreted it.  The EEOC has explained that "[w]hen an employer asks an employee about whether they obtained a COVID-19 vaccination, the employer is not asking the employee a question that is *likely to disclose the existence of a disability* [because] there are many reasons an employee may not show documentation or other confirmation of vaccination besides having a disability."  *Id.* (emphasis added).

Courts have consistently held that asking an employee if they are vaccinated against COVID-19 is not a prohibited disability-related inquiry for the same reasons.  *See, e.g., Jorgenson v. Conduent*, No. CV SAG-22-01648, 2023 WL 1472022, at *5 (D. Md. Feb. 2, 2023) (dismissing plaintiff's ADA claims and reasoning that § 12112(d)(4) was "inapposite" because "[defendant's] attestation requirement did not constitute a medical examination or an inquiry about a disability or disabling condition."); *Sharikov v. Philips Med. Sys. MR, Inc.*, No. 122CV00326BKSDJS, 2023 WL 2390360, at *15 (N.D.N.Y. Mar. 7, 2023) ("Plaintiff has not alleged facts plausibly suggesting that a vaccine attestation, an inquiry regarding whether he had contact with any infectious people, COVID-19 testing, and daily temperature screenings are inquiries or medical examinations that

would reveal disabilities.") (internal quotation marks omitted); *Chancey*, 2022 WL 18438375, at *3-4 ("[Plaintiff] has not alleged that [defendant] undertook any action that meets the definitions of a disability-related inquiry or medical examination.  All [defendant's] actions, as alleged by the plaintiff, are consistent with recent EEOC guidance specifically related to the COVID-19 pandemic.").  Plaintiff himself acknowledges that "questioning an employee about a **COVID-19 vaccine** is not considered a disability related inquiry."  *See* Dkt. 15, at 8 (emphasis original).

Plaintiff ignores this underlying principle when he argues that asking employees if they have received "any vaccine other than the COVID-19 vaccine" is a disability-related inquiry, even though asking employees if they have received a COVID-19 vaccine is not.  *See* Dkt. 15, at 8.  Asking an employee whether they have received an influenza, hepatitis, or meningococcal vaccine, for example, is no more likely to reveal whether that employee has a disability than is asking an employee if they have received a COVID-19 vaccine.  *See, e.g., Somos v. Classic MS, LLC*, No. 1:22 CV 1081, 2022 WL 4483917, at *2 (N.D. Ohio Sept. 27, 2022) (dismissing claim that employer violated the ADA by asking, in the context of a COVID-19 vaccine mandate, whether employees had received other vaccines in the past).  Just as with the COVID-19 vaccine, "[t]here are many reasons an employee may not show documentation or other confirmation of vaccination [against influenza, hepatitis, or meningococcal] besides having a disability."  *See* EEOC, *What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws* Part K.9 (July 12, 2022); Dkt. 15, at 7-8.

Nor is asking an employee about other vaccines they have received the same as "asking an employee whether s/he is currently taking any prescription drugs or medications." *See* Dkt. 15, at 8.  Asking an employee what prescription medications they are taking may elicit information about whether the employee has a disability because employees are prescribed medications to treat

medical conditions.  If an employee shares with their employer the prescription drugs they are or have been prescribed, they may also reveal to the employer the underlying medical conditions or disabilities for which they were prescribed that medication.  Vaccines are not prescribed, do not treat medical conditions, are available to all individuals, and may be declined for many reasons entirely unrelated to an individual's medical status.

Indeed, here, AstraZeneca specifically asked Plaintiff whether his *religious beliefs* had prevented him from receiving other vaccines in the past, which did not require Plaintiff to reveal any current or historical medical information whatsoever.  On its face, the question AstraZeneca asked as part of its interactive process was not an inquiry about whether Plaintiff was an individual with a disability or what the nature or severity of any such disability was.  In fact, AstraZeneca asked Plaintiff simply to "explain how the religious belief that prevents you from receiving the COVID-19 vaccine affects other areas of your life.  ***For example***, have you received other vaccines in the past?  If so, please explain how your religious belief prevents you from getting the COVID-19 vaccine but not other vaccines."  *See* Dkt. 11-2 (emphasis added).  AstraZeneca did not even require Plaintiff to provide any information about vaccinations he had received in the past—it merely offered a suggestion of one way that Plaintiff could show how the beliefs that he alleged prevented him from becoming vaccinated against COVID-19 affected other relevant areas of his life.  In the context of a request for accommodation based on an employee's purported *religious beliefs*, such a question was not at all likely to elicit information about a disability.

Accordingly, AstraZeneca's question about whether Plaintiff's religious beliefs had prevented him from receiving other vaccinations was not a prohibited disability-related inquiry under the ADA.  Consequently, Count III of Plaintiff's Complaint fails as a matter of law and must be dismissed.

**B. Plaintiff Has Failed to Allege That AstraZeneca's Question Was Not Job-Related and Consistent with Business Necessity.**

Even if AstraZeneca's question *was* a prohibited, disability-related inquiry, which it was not, Plaintiff's ADA claim would still fail because the question was a necessary part of AstraZeneca's interactive process, which was job-related and consistent with business necessity. *See* 42 U.S.C. § 12112 (d)(4)(a).  As a preliminary matter, the legal authority Plaintiff cites in his Opposition is inapposite.  *See* Dkt. 15, at 5.  Plaintiff's ADA claim arises under 42 U.S.C. § 12112(d).  *See* Dkt. 1, at ¶¶ 75-79.  The regulations relevant to that section are 29 C.F.R. § 1630.13 and 14.  Nonetheless, Plaintiff cites multiple legal authorities in his Opposition that concern the question of whether an individual qualifies for a reasonable accommodation under the ADA—that is not the relevant inquiry here.  *See* Dkt. 15, at 5; *see also Kennedy v. Superior Printing Co.*, 215 F.3d 650 (6th Cir. 2000); 29 C.F.R. § 1630.2(r).  As Plaintiff notes, he did not request an exemption from AstraZeneca's vaccination requirement because of any disability, therefore, caselaw and regulations that discuss medical inquiries in the context of ADA accommodations do not apply.[1] *See* Dkt. 15, at 5-6.

Moreover, Plaintiff states that one of the following situations must exist for a disability-related inquiry to be job-related and consistent with business necessity: "(1) the employee requests an accommodation; (2) the employee's ability to perform the essential functions of the job is impaired; or (3) the employee poses a direct threat to himself or others."  *See* Dkt. 15, at 5.  However, the case Plaintiff cites does not support his suggestion that requesting a medical

---

[1] Plaintiff also implies in his Opposition that the ADA accommodation context is the only context in which medical inquiries may be job-related and consistent with business necessity.  *See* Dkt. 15, at 6.  However, the case he cites in support of this proposition lists the ADA accommodation process as one of several instances in which a medical inquiry may be job-related and consistent with business necessity.  *See E.E.O.C. v. Prevo's Family Market, Inc.*, 135 F.3d 1089, 1094 (6th Cir. 1998).  Moreover, the excerpt Plaintiff cites to is part of the dissenting opinion and is therefore not binding authority.  *See id.*

accommodation, demonstrating physical impairment, or posing a direct threat to others are the *only* acceptable reasons for a disability-related inquiry. *See generally, Kennedy*, 215 F.3d 650.

For purposes of § 12112(d), whether a disability-related inquiry is job-related and consistent with business necessity depends on multiple factors. Few courts have specifically examined whether it is job-related and consistent with business necessity to ask an employee who requests an exemption from a vaccination requirement the extent to which their religious beliefs have prevented them from receiving other vaccines because courts have held that those questions are not disability-related inquiries to begin with. However, some have held that questions about vaccination status are necessary for, among other things, preventing the spread of COVID-19 in the workplace and following federal and state safety and health guidance. *See, e.g., Sharikov*, 2023 WL 2390360, at *16.

Here, AstraZeneca designed and implemented its COVID-19 vaccination policy to mitigate the serious and lethal safety and health risks that COVID-19 presented to its employees, in accordance with guidance from the U.S. government and Centers for Disease Control and Prevention. When Plaintiff asked AstraZeneca to exempt him from its COVID-19 vaccination policy, AstraZeneca engaged in the robust interactive process that the law requires to determine whether Plaintiff actually qualified for an exemption as a religious accommodation. Asking Plaintiff whether his religion had prevented him from receiving other vaccines was job-related and consistent with business necessity because AstraZeneca needed that information to assess whether Plaintiff actually had a *religious* objection to the COVID-19 vaccination requirement that AstraZeneca implemented to protect employee safety. In sum, even if AstraZeneca's question about Plaintiff's vaccination history was a disability-related inquiry, which it was not, the question

was job-related and consistent with business necessity.   Accordingly, Plaintiff's claim under §

12112 (d)(4)(a) fails as a matter of law, and should be dismissed.

### III.   <u>CONCLUSION</u>

For all these reasons, the Court should grant AstraZeneca's Motion to Dismiss Count III

of Plaintiff's Complaint with prejudice.

Dated: March 24, 2023

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

<u>/s/ Emily DeSmedt</u>

Emily DeSmedt (admitted *pro hac vice*)
502 Carnegie Center
Princeton, NJ  08540
(609) 919-6673
emily.desmedt@morganlewis.com

Andrew J. Barber (Ohio Bar No. 0091160)
One Oxford Centre, Thirty-Second Floor
Pittsburgh, PA  15219
(412) 560-3300
andrew.barber@morganlewis.com

Eric L. Mackie (admitted *pro hac vice*)
110 North Wacker Drive, Suite 2800
Chicago, IL  60606
(312) 324-1779
eric.mackie@morganlewis.com

*Counsel for Defendant AstraZeneca*
*Pharmaceuticals LP*

## **LOCAL RULE 7.1(f) CERTIFICATION**

I, Emily DeSmedt, an attorney, certify that the forgoing adheres to the page limitations set forth in Rule 7.1(f) of the Local Rules of the United States District Court for the Northern District of Ohio.

## **CERTIFICATE OF SERVICE**

I, Emily DeSmedt, an attorney, certify that on March 24, 2023, I caused a copy of the foregoing to be filed with the Clerk of the Court using the Court's CM/ECF electronic filing system, which will provide electronic notice to all counsel of record.

*/s/ Emily DeSmedt*

11